## RANKIN *v*. ALLNUTT.

### Opinion delivered July 3, 1916.

HUMANE OFFICER—APPOINTMENT AS DEPUTY CONSTABLE.—Act 87, p. 340, Acts of 1915, § 26, which provides that the constable in townships subject to the act "may have five deputies, one of which shall be the Arkansas Human Officer," *held*, to give the constable the right to appoint as many as five deputies, subject to the approval of the county court, and if this number was appointed one of them should be charged specially with enforcing the duties of humane officer. The right to appoint this deputy, as well as the other deputies, abides in the constable only, and is to be exercised by him subject to the approval of the county court.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks*, Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellant seeks by mandamus to compel appellee Allnutt, as constable of Big Rock Township of Pulaski County, Arkansas, to appoint him a deputy constable for said township. He also makes the county judge of Pulaski County a party defendant that he may be required to confirm the appointment so prayed to be made

by said constable. He alleges that he is the humane officer, and has his office in the city of Little Rock, in said township, and that he was appointed as the agent of the humane society by the president thereof. That said society was reorganized in 1909 under Act No. 170, of the Acts of the General Assembly of 1909, page 518, when he was duly reappointed agent of said society. Appellant predicates his cause of action upon the provisions of section 26 of Act No. 87 (Acts 1915, page 340), entitled, "An Act for the establishment of municipal courts in certain cities of the first class, prescribing their jurisdiction and the jurisdiction of justices of the peace in certain townships, fixing the compensation of certain officers in such cities and townships, and for other purposes." The relevant portion of that section reads as follows: "Sec. 26. Constables in townships subject to this act shall perform the same services in the municipal court as are required of them before justices of the peace by the general laws. * * * In a township within which is situated any larger city subject to this act, the constable may have five deputies, one of which shall be the Arkansas Humane Officer. * * *"

Appellant, in his complaint, recites the fact to be that after its introduction, the bill for this act was amended by inserting after the words "may have five deputies," the phrase "one of which shall be the Arkansas Humane Officer."

Both the constable and the county judge demurred to the petition, and their demurrers were sustained, and the petition dismissed, and this appeal has been duly prosecuted from that order.

*Hal L. Norwood*, for appellant.

1. The question is: What do the words "one of which shall be the Arkansas Humane Officer" mean in Act 87, Acts 1915? It is evident that the Legislature *intended* that the constable *should* appoint said "humane officer" one of his five deputies. The *intent* of the Legislature should prevail to be gathered from the text and body of the act, the condition of affairs, the evil sought to be remedied, etc. 27 Ark. 419: 24 *Id.* 155; 25 *Id.* 101.

.2.  It is plain the words meant the officer appointed by the Arkansas Humane Society, and in the act of 1909, he is called the "Arkansas Humane Officer." Appellant was that officer. The act is mandatory, and it was error to sustain the demurrer.

*Mehaffy, Reid & Mehaffy*, for appellee.

.1.  The Arkansas Humane Society is a private corporation. Kirby's Dig., ch. 31, subd. 9. By §§ 1630-1645, *Ib.*, the *agent* * * * may make arrests, etc., for violating the statutes against cruelty to animals and children. Nowhere is such *agent* designated as "the Arkansas Humane Officer." The provision is void for ambiguity and uncertainty. 98 Ark. 505.

2.  The statute is not mandatory. It confers a power, but does not create a duty. The exercise of the power is discretionary. 143 Pac. 881-5; 98 Ark. 505.

3.  Mandamus will not lie. 27 Ark. 382; 26 *Id.* 482; 1 Thompson on Copr., § 145.

4.  A deputy constable must be a resident of the same county and township of his principal. 35 Cyc. 1519. He holds office during the pleasure of his principal, and may be removed at any time. *Ib.* 1521. The constable is responsible for the acts of his deputy. Kirby's Dig., § 688. If the contention of appellant is sustained, strange anamolies might arise which the Legislature never could have intended as (1) The constable is denied the right to appoint his own deputy, but becomes responsible for the acts of one who owes his position to another. (2) When the act becomes applicable to other cities, the deputy might be a resident of another county and entitled to a salary from two counties and dispenses with the approval by the county court, etc. No such intention can be spelled out of the act consistent with its object and purpose. 98 Ark. 505.

SMITH, J., (after stating the facts). It is insisted that the amendment set out above embraced in the phrase "one of which shall be the Arkansas Humane Officer," is void for uncertainty.

It is certainly a very ambiguous phrase and to ascertain its meaning resort must be had to a study of the legislation which defines the duty of the officer there designated as the Arkansas Humane Officer. In doing this, we, of course, have in mind those cardinal rules of statutory construction that the interpreter of a statute is not called upon to improve it, but to expound it, and that while he is to seek the intention of the Legislature, that intention is not to be ascertained at the expense of the clear meaning of the words employed. The question for him is not what the Legislature meant, but "What does the language mean which it had employed?" Endlich on Interpretation of Statutes, section 7.

The antecedent legislation on the subject of humane officers is found in sections 1638-1645, inclusive, Kirby's Digest, and in Act No. 170 of the Acts of 1909, p. 518. The purpose of the sections of Kirby's Digest above mentioned was to prevent and to punish cruelty to animals. These sections provide that societies may be incorporated for this purpose, and that the president of such society in any county in this State may appoint agents and officers of such society who shall have authority to arrest persons found violating the provisions of the act which became sections 1638-1645 of Kirby's Digest. Section 1642 provides that all fines, forfeitures and penalties imposed and collected in any county in this State under the provisions of any act passed or which may be passed relating to or in any wise affecting animals shall inure to such society in aid of the purpose for which it was incorporated. It was evidently contemplated that a society might be organized in each of the counties of the State, and the same powers were conferred upon the officers, agents and members of each of these societies.

The act of 1909 referred to above is entitled, "An Act to prevent and punish cruelty to children," and a study of its provisions leads to the conclusion that the Legislature there intended to extend the beneficient provisions of the prior act for the protection of animals to children. Section 7 of this last act is identical with section 1639 of Kirby's Digest, except that the word "child"

is used for the word "animal." And section 8 of this last act is substantially the same as section 1644 of Kirby's Digest, the word "children" being substituted for the word "animals." This last act contemplates the organization of societies in each of the counties of the State to enforce its provisions, and designates the societies so to be formed as the Arkansas Humane Society. This last act confers certain enlarged powers upon this society, and its officers have the custody and care of abandoned children. In both acts the society is given the right to appoint agents with certain powers incident to the enforcement of the respective acts, and all of these agents would have the same authority under the law.

The act of 1915 above mentioned applies to all cities having a population exceeding 45,000 according to the latest preceding Federal census, and all smaller cities of the first class situated in the same or another county and lying contiguous to any of the said larger cities and of the smaller cities separated from any of such larger cities only by a river being contiguous thereto, and all townships, counties and judicial districts within which are situated any of such larger or smaller cities. In its practical operation the act may apply only to Pulaski County, but there is nothing in the act which so limits it. The manifest purpose of this act was to reduce the expense of the administration of the criminal law in the enforcement of those laws of which the courts there created were given jurisdiction. The act does not require the constable to appoint five or a smaller number of deputies. It only authorizes him to appoint that number. It, therefore, confers a power, and does not impose a duty . This right of appointment, however, is not an absolute one, but is subject to the approval of the county court, and this approval is, of course, a condition precedent to the validity of the appointment.

Appellant says this act designates him as one of the constables by virtue of his appointment as an agent of the Arkansas Humane Society for Pulaski County. If this is true he would also be a deputy constable for Hill Township of Pulaski County, this being the township in

which the city of Argenta is located. But more than one agent might be appointed by the humane society and in that event there would be no certainty as to the one to appoint, and there is nothing in the act which gives the appointing officers of the society the right to confer authority upon one agent which is denied another.

This amendment does not appear to be a well-considered piece of legislation; but we must assume the Legislature did not intend any absurd results. If appellant's contention is correct, we would have the possibility of several persons being eligible and all entitled to an appointment which only one could receive. Even though there was only one person eligible, his appointment would be subject to the approval of the county court, and we would have the useless formality of a person being appointed and confirmed when neither the appointing nor the confirming officer had any discretion about the appointment. A person might be appointed who would not be a resident of the township in which his principal was elected, and such would be the case here if appellant was appointed for both Big Rock and Hill Townships. The humane officer's appointment is without any reference whatever to the term of office of the constable, and the constable would be responsible for the acts of a deputy over whose appointment he had no control whatever, and this deputyship would be wholly uncertain both as to the incumbent and the tenure of office, as the society could change its agents at any time.

We think the more reasonable construction of the act is that it gave the constable the right to appoint as many as five deputies, subject to the approval of the county court, and if this number was appointed, one of them should be charged specially with enforcing the duties of humane officer. But the right to appoint this deputy as well as the others abides in the constable only, and is to be exercised by him subject to the approval of the county court.

It follows, therefore, that appellant's prayer for a mandamus was properly denied, and the judgment of the court so ordering will be affirmed.